

FILED

JUL 08 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1. NACNY WOODROME, an individual,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**2. ASCENSION HEALTH, a foreign corporation,**<br><br>**Defendant.** | 19 CV 365 CVE - JFJ<br>Case No. |

## COMPLAINT

NOW COMES Plaintiff, Nancy Woodrome, by and through her attorneys, Clancy & Thompson PLLC, and state as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil complaint brought under ERISA Section 502, 29 U.S.C. §1132, and federal common law, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendant to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

2. This Court has jurisdiction pursuant to ERISA Sections 502(e)(l), (f), 29 U.S.C. §l 132(e)(l), (f), 28 U.S.C. §2201.

3. Venue properly lies in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132( e )(2).

Fees Pd
1 summons

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff is a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in a benefit plan called "Ascension Health Short-Term Disability Plan" and "'Ascension Health Long-Term Disability Plan" ("Plan") by virtue of her employment with St. John Health System Inc. and Physicians Support Services, Inc., each of which are entities within Ascension Health. Plaintiff resides in Bartlesville, OK.

5. The Plan is a benefit plan within the meaning of ERISA Section 3(1), 29 U.S.C. § I 002(1).

6. Defendant is a foreign corporation that is and was at all material times doing business in this district. Defendant is a fiduciary and administrator, within the meaning of ERISA Sections 3(16), 402(a)(2), 29 U.S.C. §1002(16), §1102(a)(2), with respect to the Plan.

7. The Plan states, in part,: You are considered to be Disabled or to have a Disability if due to an Injury or Sickness that is supported by objective medical evidence, you require and are receiving the regular, ongoing medical care of a Licensed Physician and you are following the course of treatment recommended by the Licensed Physician. In addition, one of the following is true:

> You are unable to perform each of the Material Du tie$ of your Regular Occupation, or While unable to perform all of the Material Duties of your Regular Occupation on a full-time basis and while eligible for Rehabilitative Employment:
>
> - You are performing at least one of the Material Duties of your Regular Occupation or any other work or service on a part- or full-time basis, and

- Your earnings from work, while Disabled, do not exceed 80% of your pre-disability Basic Weekly Earnings.

8.   Plaintiff suffers from chronic and intractable migraine headaches without aura with status migrainosus, multiple sclerosis and depression with anxiety.

9.   Plaintiff became disabled pursuant to the Plan's definition of "Disabled" on May 18, 2018.

10.   At all relevant times, Plaintiff has been and continues to be under the care of "licensed Physicians" to treat her medical conditions.

11.   On or about July 6, 2018 The Plan determined Plaintiff was entitled to and eligible for benefits under the Plan. After a seven-day waiting period, Plaintiff received benefits from July 13, 2018 through July 20, 2018.

12.   Defendant denied continuation of benefits on or about July 21, 2018.

13.   The Plan's wrongful denial of short-term disability benefits also, constructively denied the Plaintiff's entitlement to long term disability benefits under the Plan.

14.   The Plan has relied on selective, limited, and incomplete medical information in denying Plaintiff's claim for both short term and long-term disability benefits.

15.   In the course of the appeal, Plaintiff provided the requested evidence from her medical providers substantiating her disability.

16.   On October 10, 2018, according to the Plan's denial letter of January 9, 2019, Plaintiff's employment with Defendant was terminated, because of her inability to work, and therefore, not eligible for any benefits after that date.

17.   On or about January 9, 2019, Defendant responded to Plaintiffs appeal, stating that based on its records it had determined that she was not eligible for disability benefits

under the terms of the Plan.

18. Plaintiff remains entitled to short- and long-term disability benefits under the Plan, and Defendant has failed to reinstate Plaintiffs disability benefits.

19. Plaintiff's ongoing disability, as defined in the Plan, prevents her from returning to work.

## COUNT I - Action under ERISA Section 502(a)(l)(B), 29 U.S.C. §1132(a)(l)(B), to Recover Full Benefits

20. Plaintiff incorporates by reference paragraphs 1 through 15.

21. The discontinuation of Plaintiffs disability benefit payments is in direct violation of the terms of the Plan.

22. Plaintiff's disability is continuing and she, but for the wrongful denial of benefits would be receiving Plan benefits presently and continuing.

## COUNT II – PENALTY FOR FAILURE TO PRODUCE PLAN DOCUMENTS, ERISA Section 502(c)

23. Plaintiff incorporates by reference paragraphs 1 through 15

24. Plaintiff requested the transcript of telephone conversation between the Plan administrator and her physician, Dr. Miranda, which addressed her inability to work on December 18, 2018.

25. The Plan via its administrator, Sedgwick Claim Services Inc., ignored Plaintiff's request.

26. In the "final" denial of benefits letter dated January 9, 2019, the Plan's administrator-claim agent, Jonathon Foster of Sedgwick Claim Services Inc., promised to provide the Plaintiff, upon written request, "reasonable access to, and copies of, all documents, records, internal rules, guidelines, and other information relevant to the claim for benefits."

27. On January 30, 2019 Plaintiff made such request by USPS Priority Mail but it was

ignored.

28.     Pursuant to ERISA 502(c), 29 U.S.C. 1132(c), penalty of $110.00 per day and

        continuing is in order due to the Plan, via its administrator, Sedgwick Claim Services Inc.

        failures to comply with Plaintiff's multiple requests for information.

## PRAYER FOR RELIEF

**PLAINTIFF REQUESTS** that the Court grant the following relief:

a.      A declaratory judgment pursuant to ERISA Section 502(a)(l)(B), 29

        U.S.C.§ 1132(a)(l)(B), and 28 U.S.C. §2201, declaring that Plaintiff is entitled to

        continuation of the group disability benefits in the proper amounts as set forth in

        the Plan in effect at the time benefits became payable and that Defendant has

        violated the Plan and its fiduciary duties by discontinuing these benefits;

b.      Preliminary and permanent injunctions pursuant to ERISA Section 502(a)(3), 29

        U.S.C. §1132(a)(3), and F.R.C.P. 65, enjoining Defendant from discontinuing,

        reducing, limiting, or terminating the disability benefits payable to Plaintiff under

        the Plan;

c.      An Order penalizing the Plan, pursuant to ERISA 502(c) for failing to provide the

        Plaintiff with Plan documents.

d.      A full and accurate accounting by Defendant of all computations for Plaintiffs

        disability benefits, in enough detail, so that Plaintiff may ascertain that her

        benefits are being paid in the proper amount;

e.      An order compelling Defendant to pay Plaintiff forthwith the full amount of

        disability benefits due to her and to continue such payments for the period set

        forth in the Plan, including interest on all unpaid benefits;

f. Reasonable attorney fees and costs, pursuant to ERISA Section 502(g)(l), 29 U.S.C. § 1132(g)(I );

g. Such other relief as may be just and appropriate.

Respectfully submitted this 5th day of July 2019,

**CLANCY & THOMPSON PLLC, P.C.**

By: ______________________________

Timothy P. Clancy, OBA No. 14199
CLANCY & THOMPSON, PLLC
2738 E. 51st Street, Suite 130
Tulsa, OK 74105
(918) 494-0007 / (918) 515-7555 – Fax
*Attorney for Nancy Woodrome*